IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Morgan Stanley Smith Barney Financing LLC, as assignee of Morgan Stanley a/k/a Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC, <br><br>                            Plaintiff <br><br> v. <br><br> Richard W. Hartnett a/k/a Richard Wilson Hartnett a/k/a Richard Hartnett and Ann D. Hartnett and Ann D. Hartnett, as trustee of the Ann D. Hartnett Revocable Trust dated April 21, 2014, <br><br>                            Defendants. | C.A. No.   1:21-cv-01156-MGL <br><br> **COMPLAINT** <br> (Declaratory Judgment) <br> (Fraudulent Transfer) <br> (Foreclosure of Judgment Lien) |

Plaintiff, complaining of the Defendants, would show unto this Honorable Court:

1.      Plaintiff Morgan Stanley Smith Barney Financing LLC ("MSSB Financing"), as assignee of Morgan Stanley a/k/a Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC, is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located in New York.

2.      Neither MSSB Financing, nor any of its members or sub-members are citizens of the State of South Carolina. MSSB Financing and all of its member and sub-members, are citizens of the States of Delaware and New York for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as evidenced by the following:

    a. MSSB Financing has one member, Morgan Stanley Domestic Holdings, Inc.

("MSDHI"), a Delaware corporation with its principal place of business in New York. MSSB Financing is a wholly owned subsidiary of MSDHI;

b. MSDHI is owned by Morgan Stanley Capital Management, LLC, a Delaware limited liability company with its principal place of business in New York; and

c. The one member of Morgan Stanley Capital Management, LLC is Morgan Stanley, a Delaware corporation with its principal place of business in New York.

3. Each of the companies referred to above are organized under the laws of the State of Delaware and have their principal place of business in New York.

4. On October 22, 2019, assignor Morgan Stanley Smith Barney FA Notes Financing LLC ("MSSB FA Notes") and assignee Morgan Stanley Smith Barney LLC ("MSSB") entered into an assignment agreement whereby MSSB FA Notes sold and transferred all of its right, title, and interest in promissory notes owed by current and former employees, to MSSB. On February 18, 2021, assignor MSSB and assignee MSSB Financing entered into an assignment agreement whereby MSSB sold and transferred all of its right, title, and interest in promissory notes owed by current and former employees, to MSSB Financing.

5. Defendant Richard W. Hartnett a/k/a Richard Wilson Hartnett a/k/a Richard Hartnett ("Richard Hartnett") is a citizen and resident of Aiken County, South Carolina. Richard Hartnett is a former MSSB employee who executed and received the benefits of three promissory notes that were the subject of the underlying judgment.

6. Defendant Ann D. Hartnett is a citizen and resident of Aiken County, South Carolina.

7. Defendant Ann D. Hartnett, as trustee of the Ann D. Hartnett Revocable Trust dated April 21, 2014 is a trust, on information and belief, formed and existing under the laws of

the State of South Carolina with its place of business and operation located in Aiken County, South Carolina.

8.     The real property which is the subject of this action is located in Aiken County, South Carolina.

9.     This Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) as this is the judicial district where Defendants reside.

**FOR A FIRST CAUSE OF ACTION**
*(Declaratory Judgment)*

10.     On or about November 17, 2003, Defendants Richard Hartnett and Ann D. Hartnett were granted fee simple title to a parcel of property located within Aiken County, South Carolina known as Lot 22-B, New Bridge Polo Ranch (11.44 acres) 800 New Bridge Road, located in Aiken, South Carolina, bearing Tax Map Number 152-19-03-003, said deed recorded in the property records of Aiken County in Deed Book 2373, Page 177 (hereinafter referred to as PARCEL 1); a true and correct copy of the deed transferring title to the PARCEL 1 is attached hereto as Exhibit "A" to this Complaint.

11.     On or about February 11, 2011, Defendants Richard Hartnett and Ann D. Hartnett were granted fee simple title to a parcel of property located within Aiken County, South Carolina known as Lot 22-A1 New Bridge Polo Club Phase 1 (8.78 acres), located in Aiken, South Carolina, bearing Tax Map Number 152-19-03-001, said deed recorded in the property records of Aiken County in Deed Book 4346, Page 2043 (hereinafter referred to as the PARCEL 2); a true and correct copy of the deed transferring title to the PARCEL 2 is attached hereto as Exhibit "B" to this Complaint.

12. On or about July 19, 2019, in a case captioned "*Morgan Stanley a/k/a Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC, Petitioners v. Richard W. Hartnett a/k/a Richard Wilson Hartnett a/k/a Richard Hartnett, Respondent*," pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and bearing Case No. 502019CA003852XXXXMB, MSSB and MSSB FA Notes recovered judgment against Defendant Richard Hartnett in the amount of $1,510,315.00 (hereinafter the JUDGMENT); a true and correct copy of the JUDGMENT is attached hereto as Exhibit "C" to this Complaint.

13. The JUDGMENT rendered in favor of MSSB and MSSB FA Notes against Defendant Richard Hartnett is final. MSSB Financing is the current assignee of the right, title and interest in the JUDGMENT. The full amount of the JUDGMENT, plus statutory interest, is due and owed by Defendant Richard Hartnett.

14. By a deed dated March 26, 2020, Defendants Richard Hartnett and Ann D. Hartnett conveyed their interest in the PARCEL 1 and the PARCEL 2 to Ann D. Hartnett, as trustee of the Ann D. Hartnett Revocable Trust dated April 21, 2014, said deed filed with the Aiken County Register of Deeds on March 27, 2020 in Deed Book 4836, Page 995; a true and correct copy of the said Deed is attached hereto as Exhibit "D" to this Complaint.

15. The Deed executed by Defendants Richard Hartnett and Ann D. Hartnett conveying their interests in the PARCEL 1 and PARCEL 2 to Ann D. Hartnett, as trustee of the Ann D. Hartnett Revocable Trust dated April 21, 2014 was for less than adequate or no consideration, and/or for the specific intent of committing a fraud upon creditors.

16. The aforesaid transfer of interests in the PARCEL 1 and PARCEL 2 by the Defendants was for little or less than valuable consideration, and was performed for the purpose

of avoiding debts to and committing fraud upon the creditors of Richard Hartnett.

17. The aforesaid transfer of real estate was undertaken in violation of S.C. Code Ann. §27-23-10 et seq.

18. Plaintiff is informed and believes that the transfer by the Defendants is void, frustrate and of no effect, as in violation of S.C. Code Ann. §27-23-10.

19. The aforesaid transfer of an interest in PARCEL 1 and PARCEL 2 by Richard Hartnett was participated in and abetted by all Defendants.

20. Plaintiff is informed and believes that it holds a judgment lien upon the interest of Defendant Richard Hartnett in PARCEL 1 and the PARCEL 2 pursuant to S.C. Code Ann. §15-35-810.

21. Plaintiff is informed and believed that Defendants have listed PARCEL 1 and/or PARCEL 2 for sale for $880,000.00.

22. There exists an actual controversy within the jurisdiction of this Court, and this Court has the authority to take jurisdiction hereof and issue a declaratory judgment thereupon.

23. Plaintiff prays that this Court take jurisdiction hereof, and issue its Order declaring that the transfers of interests in PARCEL 1 and the PARCEL 2 by all Defendants was void, frustrate and of no effect, as in violation of S.C. Code Ann. §27-23-10.

24. Plaintiff prays that this Court take jurisdiction hereof, and issue its Order declaring that the judgment lien of Plaintiff constitutes a judgment lien upon the interest of Defendant Richard Hartnett in PARCEL 1 and PARCEL 2.

**FOR A SECOND CAUSE OF ACTION**
*(Liability for Fraudulent Transfer; S.C. Code Ann. §27-23-30)*

25. The allegations of Paragraphs One (1) through Twenty-Four (24) of this

Complaint are realleged as if repeated herein verbatim.

26. The aforesaid transfer of the interest of Defendant Richard Hartnett in PARCEL 1 and PARCEL 2 to Ann D. Hartnett, as trustee of the Ann D. Hartnett Revocable Trust dated April 21, 2014 was participated in by all Defendants with actual intent to defraud Plaintiff of its claim against the said properties.

27. The aforesaid Defendants actively participated in the conveyance of PARCEL 1 and PARCEL 2 in violation of S.C. Code Ann. §27-23-30.

28. By reason of the aforesaid conveyance of the interest of Defendant Richard Hartnett in violation of S.C. Code Ann. §27-23-30, each Defendant is jointly and severally liable to Plaintiff in an amount equal to one year's value of the property so transferred, pursuant to S.C. Code Ann. §27-23-30.

**FOR A THIRD CAUSE OF ACTION**
*(Foreclosure of Judgment Lien)*

29. The allegations of Paragraphs One (1) through Twenty-Eight (28) of this Complaint are realleged as if repeated herein verbatim.

30. The Plaintiff has demanded that Defendant Richard Hartnett pay the judgment which has been rendered in their favor against him, but the said Defendant has failed and refused to do so.

31. Defendant Richard Hartnett owns an interest in PARCEL 1 and PARCEL 2 which he unjustly refuses to apply to the partial satisfaction of Plaintiff's judgment.

32. By reason of the foregoing, Plaintiff is entitled to an Order from this Court foreclosing its lien of judgment against the interests of Defendant Richard Hartnett, and Ordering that his interest in PARCEL 1 and PARCEL 2 be sold, and that the proceeds from the said sale

first be applied to pay the costs of sale, then next to pay the judgment rendered to the Plaintiff and, if any excess exists thereafter, to be paid into the Court for further disposition.

WHEREFORE, having fully complained of the Defendants, Plaintiff prays that this Court take jurisdiction hereof, and issue its Order:

A. Under the First Cause of Action holding that the attempted conveyance of PARCEL 1 and PARCEL 2 by Defendants Richard Hartnett and Ann D. Hartnett to Defendant Ann D. Hartnett, as trustee of the Ann D. Hartnett Revocable Trust dated April 21, 2014 was void, frustrate and of no effect;

B. Under the Second Cause of Action for an Order of Judgment against the Defendants, jointly and severally, in the amount of one year's value of the PARCEL 1 and PARCEL 2;

C. Under the Third Cause of Action for an Order that the interest of Defendant Richard Hartnett in PARCEL 1 and PARCEL 2 be sold, and that the proceeds from the said sale first be applied to pay the costs of sale, then next to pay any the judgment rendered to Plaintiff and, if any excess exists thereafter, to be paid into the Court for further disposition; and

D. For such further and other relief as this Court deems just and appropriate.

BERNSTEIN & BERNSTEIN, P.A.

s/Robert A. Bernstein
Robert A. Bernstein   Federal ID No. 1311
5418-B Rivers Avenue
North Charleston, SC 29406
(843) 529-1111; (843) 529-0035 (fax)
rbernstein@bernsteinpa.com
ATTORNEYS FOR PLAINTIFF

April 19, 2021